## Commonwealth v. Hastings.

*Robert Ruppin* and *Jacob Hill Byrne*, for rule.

*M. Edna Hurst* and *S. V. Hosterman*, District Attorney, contra.

GROFF, J., Sept. 20, 1930.—An examination of the record in this case discloses that on July 2, 1930, one Leon Templeton appeared before John F. Burkart, an alderman in and for the City of Lancaster, and complained

812

against H. Charles Hastings, of No. 632 East End Avenue, Lancaster, Pennsylvania, for having, on June 28, 1930, in the County of Lancaster, unlawfully operated "a Jordan motor vehicle, Pennsylvania license No. U3377, on the above date at 11.55 P. M., at the intersection of Plum and Clay Streets, Lancaster, Pa., recklessly, wilfully and carelessly, disregarding the rights and safety of others, and in a manner endangering the life and property and person of this deponent, and said defendant did unlawfully and recklessly commit assault and battery upon the bodies and person of Bessie Templeton, Mable Templeton, Marian Templeton and Harry Templeton with his motor vehicle, injuring and causing them suffering, said defendant causing an accident," thereby charging the defendant with reckless driving and assault and battery.

An examination of the record as it appears before us shows that subsequent thereto the alderman issued a warrant to one W. G. Sweigart, constable, who brought the defendant in. The defendant waived the hearing and entered bail for court. There is nothing on the record in reference to the charge of reckless driving, except in the complaint, as above set forth, and in the heading of the bail piece, or recognizance, in which it says: "Commonwealth of Pennsylvania v. H. Charles Hastings, Charge Of Reckless Driving And Assault And Battery With Motor Vehicle."

Section 1202 of the Act of May 1, 1929, P. L. 905, 993, provides as follows: "Section 1202. Proceedings by Information and Warrant.—(a) Summary proceedings under this act, or any violation of a local ordinance, rule or regulation enacted under the authority thereof, except as hereinafter provided, shall be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

The complaint and proceedings before us show that the provisions of section 1202 of the Motor Vehicle Code just recited have not been complied with, and we, therefore, assume that the charge of reckless driving was not pursued by the complainant. At least, defendant is not properly before us, according to the record, except that the heading of the bail bond, as we said before, says that the bail bond is given on a charge of reckless driving and assault and battery.

We, therefore, feel that the record not showing that notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten days of the date of the said notice, was served, as required by the act of assembly, the defendant should be discharged from his bond, so far as the reckless driving is concerned: Com. v. Nottage, 11 D. & C. 719.

The complaint for reckless driving having been disregarded, so far as the record is concerned, and a warrant having been issued, on which defendant was arrested for assault and battery, and on which he entered bail, we feel that the complaint for assault and battery, for that reason, should stand, and that the defendant should continue his recognizance in the sum of $300 to appear at the next Court of Quarter Sessions, to be held the third Monday in November, 1930.

The proceedings, so far as the reckless driving charge is concerned, are hereby quashed and the defendant is released from bail on that charge.